JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eric Voicheck

**DEFENDANTS**
Ford Motor Company

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Michigan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David L. Sigismonti, Esq., 42 East Second Street, Media, PA 19063 (610)-566-0360

Attorneys *(If Known)*
William J. Conroy, Esq., Tiffany M. Alexander, Esq., & Emily J. Stockwell, Esq., Campbell Campbell Edwards & Conroy, P.C., 1205 Westlakes Drive, Suite 330, Berwyn, PA 19312 (610)-964-1900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Product liability action between diverse parties

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE

DOCKET NUMBER

DATE
11/20/12

SIGNATURE OF ATTORNEY OF RECORD
*Emily J. Stockwell*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:  1690 Erb Road, Aston, PA 19014

Address of Defendant:  One American Road, Dearborn, MI 48126

Place of Accident, Incident or Transaction:  Route 1 on Valleybrook Rd., Chester Heights, Delaware County, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,  Emily J. Stockwell  , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:  11/20/12          Emily J. Stockwell                    309033
                              Attorney-at-Law                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  11/20/12          Emily J. Stockwell                    309033
                              Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: __1690 Erb Road, Aston, PA 19014__

Address of Defendant: __One American Road, Dearborn, MI 48126__

Place of Accident, Incident or Transaction: __Route 1 on Valleybrook Rd., Chester Heights, Delaware County, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Emily J. Stockwell__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __11/20/12__  __Emily J. Stockwell__  __309033__
                   Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/20/12__  __Emily J. Stockwell__  __309033__
                   Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Eric Voicheck                                    :
                                                 :
                  V.                             :
                                                 :                    Civil Action
                                                 :                    No: _____
Ford Motor Company                               :

DISCLOSURE STATEMENT FORM

Please check one box:

☒          The nongovernmental corporate party, __Ford Motor Company_____
            , in the above listed civil action does not have any parent corporation and
            publicly held corporation that owns 10% or more of its stock.

❑          The nongovernmental corporate party, _____
            , in the above listed civil action has the following parent corporation(s) and
            publicly held corporation(s) that owns 10% or more of its stock:

            _____
            _____
            _____
            _____


__11/20/12_____                    _Emily J Stockwell_____
Date                                       Signature

                  Counsel for:   _Ford Motor Company_____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
           two copies of a disclosure statement that:
           (1)    identifies any parent corporation and any publicly held corporation
                  owning10% or more of its stock;  or

           (2)    states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
           (1)    file the disclosure statement with its first appearance, pleading,
                  petition, motion, response, or other request addressed to the court;
                  and
           (2)    promptly file a supplemental statement if any required information
                  changes.

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Eric Voicheck                              :
                                           :
              V.                           :
                                           :          Civil Action
                                           :          No: _____
Ford Motor Company                         :

### DISCLOSURE STATEMENT FORM

Please check one box:

☒          The nongovernmental corporate party,  __Ford Motor Company_____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

❑          The nongovernmental corporate party, _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           _____
           _____
           _____
           _____


__11/20/12_____           _Emily P Stockwell_____
Date                                        Signature

              Counsel for:   __Ford Motor Company_____


## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
      two copies of a disclosure statement that:
      (1)   identifies any parent corporation and any publicly held corporation
            owning10% or more of its stock;  or

      (2)   states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
      (1)   file the disclosure statement with its first appearance, pleading,
            petition, motion, response, or other request addressed to the court;
            and
      (2)   promptly file a supplemental statement if any required information
            changes.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Eric Voicheck | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Ford Motor Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )


| | | |
|---|---|---|
| November 20, 2012 | Emily J. Stockwell, Esquire | Ford Motor Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 964-1900 | (610) 964-1981 | erogers@campbell-trial-lawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC VOICHECK | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FORD MOTOR COMPANY | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL OF DEFENDANT FORD MOTOR COMPANY

Defendant, Ford Motor Company (hereinafter "Ford"), by and through its attorneys, Campbell Campbell Edwards & Conroy, P.C., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Delaware County, Civil Action-Law, No. 10-14209, pursuant to 28 U.S.C. § 1441 et seq. and in support thereof states as follows:

1. Plaintiff commenced this action by a Complaint filed on October 19, 2012, which was served on Ford on or about October 31, 2012.

2. Plaintiff filed his Complaint in the Court of Common Pleas of Delaware County, and asserts negligence, strict liability, and breach of warranty claims against Ford Motor Company. See Compl., attached hereto as Exhibit A.

3. Plaintiff's Complaint also seeks punitive damages against Ford. See Ex. A at ¶¶ 15-16; 22; 29.

4. The Plaintiff, Eric Voicheck, resides at 1690 Erb Road, Aston, PA 19014 and is a citizen of the Commonwealth of Pennsylvania. See Ex. A at ¶ 1.

5.      Defendant Ford Motor Company is incorporated in the State of Delaware and its principal place of business is located at One American Road, Dearborn, MI 48126.

6.      For purposes of this diversity analysis, Ford Motor Company is a citizen of Michigan and Delaware.  See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . .")

7.      Therefore, complete diversity of citizenship exists between Plaintiff and Ford.

8.      This action arises out of a single-automobile accident that occurred on or about November 2, 2008 on Valleybrook Road in Chester Heights, Delaware County, Pennsylvania. See Ex. A at ¶ 5.

9.      Plaintiff alleges that he lost control of the subject 2000 Ford Ranger and crashed into a tree, resulting in various injuries, including fractures of the nose and septum, concussion of the skull, lacerations to the nose and cheek, headaches, severe bruising of the abdomen, and other aches, pains, and suffering.  See Ex. A at ¶¶ 6-7.

10.     Plaintiff further alleges that his injuries were caused by a defective restraint and airbag system.  See Ex. A at ¶¶ 11-12; 18-19.

11.     Plaintiff alleges damages "in excess of $50,000, plus costs, interest, punitive damages and such other relief as the Court may deem appropriate."  See Ex. A.

12.     Plaintiff claims that his injuries "may be permanent and continue for an indefinite time in the future."  Ex. A at ¶ 7.  Plaintiff also claims past and future medical expenses, as well as a loss of earnings and earning capacity.  Ex. A at ¶¶ 13-14; 20-21.  Finally, Plaintiff alleges that Ford is liable to him for punitive damages.  Ex. A at ¶¶ 15-16; 22; 29.

13.     Accordingly, the amount in controversy exceeds $75,000 and thus meets the requirement of 28 U.S.C. § 1332(a).

14.     Because the amount in controversy in this case is in excess of $75,000, and because Plaintiff and Defendant Ford Motor Company are citizens of different states, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

15.     This action may be removed to this Court by Defendant Ford Motor Company pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

16.     Ford has given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d), by filing this Notice of Removal with the Court of Common Pleas of Delaware County and by giving written notice to counsel for Plaintiff.  A copy of Ford's Notice to Plaintiff is attached as Exhibit B.

17.     All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant Ford Motor Company respectfully requests that this action now pending against it in the Court of Common Pleas of Delaware County, Civil Action-Law, No. 10-14209, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.**

By: _Emily J. Stockwell_____
William J. Conroy, Esquire
Tiffany M. Alexander, Esquire
Emily J. Stockwell, Esquire
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Tel. (610)-964-1900
Fax (610)-964-1981

*Attorneys for Defendants,*
*Ford Motor Company*

Date:  November 20, 2012

**CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.**          Attorneys for Defendant,
BY:     William J. Conroy, Esquire                                      Ford Motor Company
          Tiffany M. Alexander, Esquire
          Emily J. Stockwell, Esquire
Attorney I.D. Nos.: 36433/88681/309033
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900

---

| | |
|---|---|
| ERIC VOICHECK | COURT OF COMMON PLEAS |
| | OF DELAWARE COUNTY |
| Plaintiff, | |
| | CIVIL ACTION - LAW |
| v. | |
| | NO.: 10-14209 |
| | |
| FORD MOTOR COMPANY | **JURY TRIAL DEMANDED** |
| | |
| Defendant. | |

---

## CERTIFICATE OF SERVICE

I, Emily J. Stockwell, Esquire, hereby certify that on November 20, 2012, a copy of the

foregoing Praecipe to File Notice of Removal was mailed via U.S. Mail, first-class, postage

prepaid, to counsel for Plaintiff at the following address:


David L. Sigismonti
42 East Second Street
Media, PA 19063


**CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.**

By: _Emily J. Stockwell_____
      (Emily J. Stockwell, Esquire

*Attorneys for Defendants,*
*Ford Motor Company*



IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

ERIC VOICHECK
1690 Erb Road
Aston, PA   19014

Plaintiff

No. 10-14209

vs

FORD MOTOR COMPANY
1910 Cochran Road
Pittsburgh, PA  15220

Defendant

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against

the claims set forth in the following pages, you must take action

within twenty (20) days after this complaint and notice are

served, by entering a written appearance personally or by an

attorney and filing in writing with the court your defenses or

objections to the claims set forth against you.  You are warned

that if you fail to do so the case may proceed without you and a

judgment may be entered against you by the court without further

notice for any money claimed in the complaint or for any other

claim or relief requested by the plaintiff.  You may lose money

or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU

DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYERS' REFERENCE SERVICE
FRONT AND LEMON STREETS
MEDIA, PA.  19063
LO-6-6625

David L. Sigismonti
Attorney ID. 28654
42 East Second Street
Media, PA   19063
(610) 566-0360                          Attorney for Plaintiff

---

ERIC VOICHECK                      :   COURT OF COMMON PLEAS
1690 Erb Road
Aston, PA   19014                  :   COUNTY OF DELAWARE

        vs.                        :   TRIAL DIVISION

FORD MOTOR COMPANY                 :   NO.
1910 Cochran Road
Pittsburgh, PA   15220             :   CIVIL ACTION

## COMPLAINT

Plaintiff, Eric Voicheck, by and through his attorney, David L. Sigismonti, Esquire, now comes and says:

### General Allegations

1.  Plaintiff, Eric Voicheck, sui juris, is an adult citizen of the Commonwealth of Pennsylvania.

2.  Defendant, Ford Motor Company, is a Michigan-organized corporation, doing business in the Commonwealth of Pennsylvania, with a District Office and Customer Assistance Headquarters located at 1910 Cochran Road, Pittsburgh, PA, 15220.

3.  Defendant, aforesaid, designed and manufactured a certain 2000 Ford Ranger truck, VIN # 1FTYR10C0YTA59763, which the said Plaintiff was operating at the time of his injuries, on November 2, 2008.

4.  At all times relevant hereto, said Ford Ranger truck was owned by and titled to the Plaintiff's parents, Mark and Lisa Voicheck, with whom the said Plaintiff resided, and by whom the said Plaintiff was duly authorized to operate said vehicle.

5.  On the said date, at approximately 7:00 am, Plaintiff was the sole passenger and operator of said vehicle, traveling westward toward Route 1 on Valleybrook Road, in Chester Heights, Delaware County, Pennsylvania.

6.  On said morning, Eric Voicheck, Plaintiff, was operating said vehicle in a legal and reasonably foreseeable manner, with his seatbelt engaged, in the vicinity of Ivy Mill Road, when the Plaintiff lost control of said vehicle, which crashed headlong into a tree adjoining the side of Valleybrook Road; thereby causing or contributing to the injuries sustained by Plaintiff.

7.  As a result of the above, Plaintiff sustained fractures of the nose and septum; concussion of the skull; lacerations to the nose and cheek; headaches; severe bruising of the abdomen; and other aches, pains, and suffering as further described, infra, and all of which may be permanent and continue for an indefinite time in the future.

## FIRST CAUSE OF ACTION

### Negligence of Ford Motor Company

8.  Paragraphs 1 through 7, supra, are incorporated herein as if set forth at length.

9.  Immediately prior to the Plaintiff's accident, the subject 2000 Ford Ranger truck was in an undamaged condition, which had existed unchanged from the time of purchase by Plaintiff's parents.

10. The Plaintiff was unaware of any defects in the said vehicle at the time of the accident.

11. The injuries sustained by the Plaintiff were the direct and proximate result of the negligence of Defendant, Ford Motor Company, which negligence consisted in, but is not limited to, one or more of the following with regard to the driver's seatbelt:

a) Negligent design of the driver's seatbelt and other supporting structures and devices related to same in said vehicle;

b) Designing a vehicle with weak, inadequate, and/or faulty inertial latches within the said seatbelt mechanism;

2

c) Designing a vehicle with weak, inadequate, or improper seatbelt material or weaving;

d) Designing a vehicle with a weak, inadequate, and/or faulty belt retractor or pretensioner mechanism;

e) Designing a vehicle with improper seat belt connecton point geometry;

f) Manufacturing a negligently designed driver's seatbelt eatbelt and other supporting structures and devices related to same in said vehicle;

g) Manufacturing a vehicle with weak, inadequate, and/or faulty inertial latches within the said seatbelt mechanism;

h) Manufacturing a vehicle with weak, inadequate, or improper seatbelt material or weaving;

i) Manufacturing a vehicle with a weak, inadequate, and/or faulty belt retractor or pretensioner mechanism;

j) Manufacturing a vehicle with improper seat belt connecton point geometry;

k) Negligent supervision of its workmen, servants or agents in the purchase of materials used in manufacturing said seatbelt;

l) Negligent supervision of its workmen, servants or agents in the specification of materials used in manufacturing said seatbelt;

m) Negligent supervision of its workmen, servants or agents in the actual manufacture of said seatbelt;

n) Negligent techniques employed by its workmen, servants or agents in the actual manufacture of said seatbelt;

o) Failure to observe appropriate industry standards relating to the manufacture and design of such seatbelts;

p) Failure to warn users of the vehicle of the inadequacy of the vehicle's seatbelt;

q) Failure to make design changes as a result of notice of seatbelt failures which occurred to the same or similar type

3

of vehicle manufactured by Defendant prior to the instant case, and also as a result of negligent design or manufacturing principles employed by Defendant; and

r) Being otherwise negligent, and in contravention of the laws of the Commonwealth of Pennsylvania, as the cases may provide.

12. The injuries sustained by the Plaintiff were the direct and proximate result of the negligence of Defendant, Ford Motor Company, which negligence consisted in, but is not limited to, one or more of the following with regard to the airbag system:

a) Negligent design of the driver-side airbag and other supporting sensors and devices related to same in said vehicle;

b) Designing a vehicle with improper or improperly calibrated sensors with regard to deployment of said airbag system;

c) Designing a vehicle with faulty or improper airbag materials or sensors;

d) Designing a vehicle with improper packing of the airbag into the airbag compartment;

e) Designing a vehicle with improper wiring of the airbag system;

f) Designing a vehicle with improper or malfunctioning airbag deployment mechanism or system;

g) Manufacturing a negligently designed driver-side airbag and other supporting sensors and devices related to same in said vehicle;

h) Manufacturing a vehicle with improper or improperly calibrated sensors with regard to deployment of said airbag system;

i) Manufacturing a vehicle with faulty or improper airbag materials or sensors;

j) Manufacturing a vehicle with improper packing of the airbag into the airbag compartment;

4

k) Manufacturing a vehicle with improper wiring of the airbag system;

l) Manufacturing a vehicle with improper or malfunctioning airbag deployment mechanism or system;

m) Negligent supervision of its workmen, servants or agents in the purchase of materials used in manufacturing said airbag and airbag system;

n) Negligent supervision of its workmen, servants or agents in the specification of materials used in manufacturing said airbag and airbag system;

o) Negligent supervision of its workmen, servants or agents in the actual manufacture of said airbag and airbag system;

p) Negligent techniques employed by its workmen, servants or agents in the actual manufacture of said airbag and airbag system;

q) Failure to observe appropriate industry standards relating to the manufacture and design of such airbags or airbag systems;

r) Failure to warn users of the vehicle of the inadequacy of the vehicle's airbag or airbag systems;

s) Failure to make design changes as a result of notice of airbag failures which occurred to the same or similar type vehicle manufactured by Defendant prior to the instant case; and

t) Being otherwise negligent, and in contravention of the laws of the Commonwealth of Pennsylvania, as the cases may provide.

13.  As a direct and proximate result of the aforesaid injuries and the Defendant's negligence, Plaintiff has been prevented from attending to his usual duties and occupations, and may so be prevented in the future from attending to such duties and occupations, to his great personal and financial loss and detriment.

5

14.   Plaintiff has been compelled to expend, and in the future will be compelled to expend sums of money for hospitals, doctors, medicine and other medical attention in attempting to alleviate and cure the aforesaid injuries.

15.   As a result of the prior instances of seatbelt failure cases in which Defendant has been involved, Ford Motor Company was or should have been aware that this particular type of vehicle was prone to such damage as a result of its negligent design and/or manufacture and, as such, was dangerous, and likely to cause injury to drivers in such instances; in which case, said Defendant acted wantonly and recklessly in permitting said vehicle to be manufactured, sold and used by the general public, thereby entitling Plaintiff to punitive damages.

16.   As a result of the prior instances of airbag and airbag failure cases in which Defendant has been involved, Ford Motor Company was or should have been aware that this particular type of vehicle was prone to such damage as a result of its negligent design and/or manufacture and, as such, was dangerous, and likely to cause injury to drivers in such instances; in which case, said Defendant acted wantonly and recklessly in permitting said vehicle to be manufactured, sold and used by the general public, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant in an amount in excess of $50,000.00, plus costs, interest, punitive damages and such other relief as the Court may deem appropriate.

## SECOND CAUSE OF ACTION

### Strict Liability of Ford Motor Company

17.   Paragraphs 1 through 16, supra, are incorporated herein as if set forth at length.

18.   As the designer, manufacturer and seller of said vehicle, Defendant, Ford Motor Company, is strictly liable

6

to Plaintiff, in that the automobile was sold in a defective condition including, but not limited to, the following:

a) Improper design, including, but not limited to the following:

1) Designing a vehicle with defective or inadequate seatbelts, airbags, airbag systems, or other related materials;

2) Selling a vehicle that was defective or inadequate as to the seatbelt and/or airbag or airbag system and, as a result, unreasonably dangerous;

3) Designing such a vehicle without adherence to appropriate industry standards of safety;

4) Selling such a vehicle without adherence to appropriate industry standards of safety;

5) Designing a vehicle without making design changes as a result of notice of seatbelt and/or airbag or airbag system failures which occurred to the same or similar type of vehicle manufactured by Defendant prior to the instant case;

6) Selling a vehicle without making design changes as a result of notice of seatbelt and/or airbag or airbag system failures which occurred to the same or similar type of vehicle manufactured by Defendant prior to the instant case;

7) Failure to provide adequate and appropriate warnings and instructions to potential users including, but not limited to, one or more of the following:

A) Warnings or instructions in the owner's manual concerning unreasonably dangerous seatbelts and/or airbags or airbag systems;

B) Warnings or instructions regarding use of the vehicle and potential dangers as a result of unreasonably dangerous seatbelts and/or airbags or airbag systems; and

C) Warnings or instructions regarding restriction of activity in certain geographic or climatic areas as a result of unreasonably dangerous seatbelts and/or airbags

7

or airbag systems.

19.   The defectively designed seatbelt and/or airbag or airbag system of said vehicle caused the Plaintiff to suffer enhanced or additional injuries, beyond the injuries Plaintiff would have sustained if not for said defects, and but for which decedent would have not been injured as severely as in the instant case.

20.   The aforesaid injuries prevented Plaintiff from attending to his usual duties and occupations, and may so prevent him in the future from attending to such duties and occupations, to his great personal and financial loss and detriment, and as a further direct result of the said Defendant's Strict Liability.

21.   Plaintiff has been compelled to expend, and in the future will be compelled to expend sums of money for hospitals, doctors, medicine and other medical attention in attempting to alleviate and cure the aforesaid injuries, as a further direct result of the said Defendant's Strict Liability.

22.   As a result of the prior instances of seatbelt and/or airbag or airbag system failures such as the Defendant has been involved, Ford Motor Company was aware that this particular type of vehicle was prone to such damage as a result of its defective manufacture and design and, as such, was dangerous, and likely to cause injury in such instances; in which case, said Defendant acted wantonly and recklessly in permitting said vehicle to be manufactured, sold and used by the general public, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant in an amount in excess of $50,000.00, plus costs, interest, punitive damages and such other relief as the Court may deem appropriate.

### THIRD CAUSE OF ACTION

### Breach of Warranty by Ford Motor Company

23. Paragraphs 1 through 22, supra, are incorporated herein as if set forth at length.

24. Defendant, Ford Motor Company, impliedly warranted that the said vehicle was fit for its intended and particular purpose.

25. Defendant, Ford Motor Company, impliedly warranted that said vehicle was merchantable.

26. The aforesaid implied warranties ran to and, by law, were intended to benefit the Plaintiff, Eric Voicheck, as a subsequent authorized user of the said vehicle.

27. Defendant breached the aforesaid implied warranties and, as a result of which, Plaintiff suffered injuries, pain, suffering, and other economic loss, all of which may continue for an indefinite time in the future.

28. As a result of said Defendant's breach of implied warranties, Plaintiff is entitled to recover for same from the Defendant.

29. As a result of the reckless and wanton conduct of said Defendant, Plaintiff is entitled to recover for punitive damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant in an amount in excess of $50,000.00, plus costs, interest, punitive damages and such other relief as the Court may deem appropriate.

BY:

DAVID L. SIGISMONTI, ESQUIRE
Attorney for Plaintiff

9

## VERIFICATION

I, ERIC VOICHECK, hereby certify that I am the Plaintiff in the foregoing action, and that the facts alleged therein are true and correct to the best of my knowledge, information and belief.   I understand that false statements therein are made subject to the penalties of 18 Pa.C.S.A. 4904, relating to Unsworn Falsification to Authorities.


Date:   10-29-10                              ERICH VOICHECK

10

RECEIVED

2012 OCT 19 PM 12: 39

OFFICE
OF THE SHERIFF OF
DELAWARE CO. PA

A TRUE COPY
ATTEST:

SHERIFF

Per _____ Deputy

RECEIVED

2012 OCT 29 AM 8: 21

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

EXHIBIT B

**CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.**       Attorneys for Defendant,
BY:     William J. Conroy, Esquire      Ford Motor Company
         Tiffany M. Alexander, Esquire
         Emily J. Stockwell, Esquire
Attorney I.D. Nos.: 36433/88681/309033
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900

|  |  |
|---|---|
| ERIC VOICHECK | COURT OF COMMON PLEAS OF DELAWARE COUNTY |
|     Plaintiff, | |
| | CIVIL ACTION - LAW |
| v. | |
| | NO.: 10-14209 |
| FORD MOTOR COMPANY | **JURY TRIAL DEMANDED** |
|     Defendant. | |

<u>**NOTICE TO PLAINTIFF**</u>

To:     David L. Sigismonti
         42 East Second Street
         Media, PA 19063
         Attorney for Plaintiff,
         Eric Voicheck

Please take notice that Defendant, Ford Motor Company, has filed a notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing this civil action now pending in the Court of Common Pleas of Delaware County pursuant to 28 U.S.C. § 1441, et seq. Also, please take notice that Defendant has filed in the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon it which was filed in the Court of Common Pleas of Delaware County.

Copies of this Notice of Removal and Complaint are attached to this Notice and along with this Notice are being served upon you.

Respectfully submitted,

**CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.**

By: _Emily J. Stockwell_
William J. Conroy, Esquire
Tiffany M. Alexander, Esquire
Emily J. Stockwell, Esquire
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Tel. (610)-964-1900
Fax (610)-964-1981

*Attorneys for Defendants,*
*Ford Motor Company*

Date: November 20, 2012