IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC VOICHECK,<br><br>                Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>                Defendant. | CIVIL ACTION<br>NO. 12-6534 |

<u>**OPINION**</u>

**Slomsky, J.**                                                                                                                            May 2, 2013

## I.     INTRODUCTION

On November 2, 2008, Plaintiff Eric Voicheck was driving his 2000 Ford Ranger on Valleybrook Road in Chester Heights, Delaware County, Pennsylvania, when he suddenly lost control of the Ranger and crashed into a tree. (Doc. No. 1 at 14–15.) Plaintiff suffered multiple injuries in the accident. (<u>Id.</u> at 15.) His Ranger was designed and manufactured by Defendant Ford Motor Company ("Ford"). (<u>Id.</u> at 14.) Plaintiff alleges that his injuries were caused by the Ranger's defective seatbelt restraint and airbag system. (<u>Id.</u>)

On October 29, 2010, one year, eleven months, and twenty-seven days after the accident, Plaintiff filed a Complaint against Ford in the Court of Common Pleas of Delaware County alleging in three counts: (1) negligence; (2) strict liability; and (3) breach of the implied warranties of merchantability and fitness for a particular purpose. (<u>Id.</u> at 13–23.) On November 8, 2010, in accordance with the Pennsylvania Rules of Civil Procedure, Plaintiff attempted to serve Ford at 1910 Cochran Road, Pittsburgh, Pennsylvania.[1] (Doc. No. 7-3 at 3; Doc. No. 10 at

---

[1] "Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa. R. Civ. P. 401(a).

1

2.) On November 23, 2010, the deputy sheriff who had attempted service returned the process receipt form with a comment that Ford had "moved in the 90's" and was no longer located at that address. (Doc. No. 7-3 at 3.)

Plaintiff did not make another attempt to serve Ford within the thirty-day period provided by Pennsylvania Rule of Civil Procedure 401(a). Under the Pennsylvania Rules of Civil Procedure, the original process became invalid after thirty days, and Plaintiff made no attempt to continue its validity by reissuing the writ or reinstating the Complaint until October 19, 2012, when he reinstated the Complaint.[2] This occurred nearly two years after filing the original Complaint. (Id.) On October 31, 2012, Plaintiff finally served the reinstated Complaint on Ford at a "newly located site" in Harrisburg, Pennsylvania. (Doc. No. 10 at 2.)

On November 20, 2012, Ford removed the case to this Court. (Doc. No. 1 at 1–11.) On December 12, 2010, Ford moved for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that all three counts in the Complaint are barred by the statute of limitations.[3] (Doc. No. 7-1.) Ford asserts that because a good faith attempt to make service was not made during the nearly two years between the original attempt at service and the service made in Pittsburgh on October 19, 2012, the two-year statute of limitations for negligence and strict liability expired. Further, Ford asserts that the four-year statute of limitations for breach of

---

[2] "If service within the Commonwealth is not made within the time prescribed by subdivision (a) . . . the prothonotary . . . shall continue its validity by . . . reinstating the complaint . . . ." Pa. R. Civ. P. 401(b)(1). "[A] complaint [may be] reinstated at any time and any number of times." Id. 401(b)(2).

[3] Although "[g]enerally speaking, it is inappropriate to consider an affirmative defense such as the statute of limitations under Rule 12(c)," "a district court may take into consideration an affirmative defense if such a defense 'presents an insuperable barrier to recovery by the plaintiff.'" In re Nat'l Pool Const., Inc., No. 12-2157, 2012 WL 3277107, at *2 (D.N.J. Aug. 9, 2012) (quoting Flight Sys. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997)); see Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (discussing the "so-called 'Third Circuit Rule'"); 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

2

an implied warranty began to run sometime in 2000, well before the original Complaint was filed, and also lapsed.[4]

On January 11, 2013, Plaintiff filed a Response in Opposition to the Motion. (Doc. Nos. 9, 10.) On February 5, 2013, the Court held a hearing on the Motion. On February 27 and 28, 2013, the parties filed supplemental briefs. (Doc. Nos. 18, 20.) The matter is now ripe for disposition and for reasons that follow, the Court will grant Ford's Motion for Judgment on the Pleadings.

**II.     STANDARD OF REVIEW**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is a procedural hybrid of a motion to dismiss and a motion for summary judgment." Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc., 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007). "To succeed on a motion under Rule 12(c), 'the movant [must] clearly establish [] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Id. at 163 (quoting Hayes v. Cmty. Gen. Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991)).

"When deciding a motion for judgment on the pleadings pursuant to [Federal Rule of Civil Procedure] 12(c), the Court applies the same standard as that on a motion to dismiss pursuant to Rule 12(b)(6)." Chirik v. TD BankNorth, N.A., No. 06–04866, 2008 WL 186213, at *5 (E.D. Pa. Jan. 15, 2008) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). "The Court must accept as true all well-pleaded allegations . . . and draw all

---

[4] Ford argues in the alternative that the Complaint fails to state a claim for punitive damages. (Doc. No. 7-1 at 6–9.) Because Ford's Motion for Judgment on the Pleadings will be granted, the Court will not address Ford's alternative argument.

reasonable inferences therefrom in favor of the nonmoving party." Mobley v. Tarlini, 641 F. Supp. 2d 430, 437 (E.D. Pa. 2009) (citing Consol. Rail Corp. v. Portlight Inc., 188 F.3d 93, 94 (3d Cir. 1999)). "Similarly, as in a 12(b)(6) motion, the Court may look only to the facts alleged in the pleadings and any attachments." Id. However, "[e]xhibits attached to a pleading may be considered on a 12(c) motion, since under Rule 10(c), '[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.'" Id. (quoting Fed. R. Civ. P. 10(c)).

## III. ANALYSIS

### A. Negligence and Strict Liability

Under Pennsylvania law, a cause of action for injuries caused by negligence or a strict liability tortious act must be commenced within two years from the date of injury. 42 Pa. Cons. Stat. § 5524. "An action may be commenced by filing with the prothonotary . . . a complaint." Pa. R. Civ. P. 1007. "Original process shall be served within the Commonwealth within thirty days after . . . the filing of the complaint." Pa. R. Civ. P. No. 401(a). "If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . . the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by . . . reinstating the complaint . . . ." Pa. R. Civ. P. 401(b)(1). "[A] complaint [may be] reinstated at any time and any number of times." Id. 401(b)(2).

"Once an action is commenced by . . . complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service." Englert v. Fazio Mech. Servs., Inc., 932 A.2d 122, 124 (Pa. Super. Ct. 2007). A plaintiff bears the burden of establishing that he or she made a good faith effort to serve process on a defendant. Miller v. Klink, 871 A.2d 331, 336 (Pa. Commw. Ct. 2005). Action sufficient to constitute a good faith effort to serve process

on a defendant is to be assessed on a case-by-case basis.  Moses v. T.N.T Red Star Exp., 725 A.2d 792, 796 (Pa. Super. Ct. 1999).  Determining whether a plaintiff acted in good faith is "in the sound discretion of the trial court."  McCreesh v. City of Philadelphia, 888 A.2d 664, 672 (Pa. 2005).  "Simple neglect and mistake," or "conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff."  Englert, 932 A.2d at 124–25 (quoting Devine v. Hutt, 863 A.2d 1160, 1168 (Pa. Super. Ct. 2004).  "Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations."  Booher v. Olczak, 797 A.2d 342, 345 (Pa. Super. Ct. 2002).

In the instant case, Plaintiff's negligence and strict liability claims are barred by the statute of limitations because he failed to make a good faith effort to undertake service of process on Ford.  The statute of limitations for Plaintiff's negligence and strict liability claims began to run on November 2, 2008, when Plaintiff was injured in the accident.  The limitations period normally would end two years later on November 2, 2010.  Plaintiff, however, filed the Complaint within the two-year limitations period on October 29, 2010.  This would normally toll the statute of limitations provided a good faith effort to make service is then made.  Moses, 725 A.2d at 796.

Here, Plaintiff attempted to make service on Ford at 1910 Cochran Road, Pittsburgh, Pennsylvania on November 20, 2010, but was informed by the sheriff that the address was incorrect and outdated.  Plaintiff made no further attempt to serve Defendant until October 19, 2012.  Plaintiff argues that because an effort was made to serve Ford on November 20, 2010, that single instance constitutes good faith and entitles Plaintiff to a new two-year limitations period within which he may bring his claim.  The Court disagrees.

This case is similar to Englert v. Fazio Mech. Servs., Inc., 932 A.2d 122 (Pa. Super. Ct. 2007), supra. In that case, a single attempt was made to serve the defendants within the statutory period, but service was not possible at the attempted address because the defendants had moved. The sheriff mailed a copy of the process receipt to the plaintiffs' counsel, but because the plaintiffs' counsel had moved his office, he did not receive the sheriff's mail for several months. After the plaintiffs' counsel finally discovered the problem, he attempted to reissue his pleading six days after the statute of limitations had run. The Superior Court affirmed the trial court's conclusion that the plaintiffs failed to make a good faith effort to serve the defendants. In doing so, the court noted that "counsel for [the plaintiffs] had moved his own offices after filing the praecipe for the writ but, despite experiencing resulting difficulties with mail delivery, nonetheless failed to make any inquiry as to whether service of this writ had been effectuated." Englert 932 A.2d at 126. The court found that the trial court was "within its sound discretion" when it found that the plaintiffs failed to make a good faith effort to serve the defendants. Id.

Here, similar to the facts in Englert, only a single attempt was made to serve Ford after the Complaint was originally filed. Thereafter, Plaintiff's counsel failed to make any real inquiry about the location where Ford could be served.[5] At the February 5, 2013 hearing, Plaintiff's counsel admitted that Ford could be served anywhere, such as the location in Harrisburg where Plaintiff ultimately served Ford. In addition, Plaintiff could have served Ford at its Dearborn,

---

[5] In fact, as Ford argues here, there is even less of a good faith effort in this case than in Englert. Here, soon after attempting service, Plaintiff received notice from the sheriff that Ford had moved, and still made no further attempts to serve Ford at a different location.

Michigan headquarters at any point during the statutory period pursuant to Pennsylvania Rule of Civil Procedure 404 ("Service Outside the Commonwealth").[6]

Plaintiff has failed to meet his burden to establish that he made a good faith effort to effect service on Ford. Accordingly, his claims of negligence and products liability are time-barred under § 5524, and judgment will be granted in favor of Ford on Counts One and Two of the Complaint.

### B. Breach of Implied Warranty

Plaintiff also brings a claim for breach of the implied warranties of merchantability and fitness for a particular purpose. "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." 13 Pa. Cons. Stat. § 2725(a).

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Id. § 2725(b).[7] A manufacturer may limit an implied warranty from extending to future performance of goods by limiting the language of the warranty. Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div., 625 A.2d 1172, 1178–79 (Pa. 1993).

---

[6] Plaintiff's failure to serve Ford is compounded by Ford's enormous presence in the Eastern District of Pennsylvania and the rest of the United States. At the hearing on this matter, Plaintiff's counsel represented that he had made several inquiries over time into the location where Ford could be served, but his queries proved fruitless. Regarding these representations, the Court suggested that Plaintiff's counsel could be deposed by Ford's counsel regarding his efforts, but Plaintiff's counsel declined to be deposed.

[7] Under the "discovery rule," a breach of warranty claim may accrue upon discovery of the defective condition. See Red Rose Transit Auth. v. N. Am. Bus Indus., No. 11-1146, 2013 WL 180201, at *6 (E.D. Pa. Jan. 16, 2013). However, the "discovery rule" is only applicable to express warranties that explicitly extend to future performance of goods. 13 Pa. Cons. Stat.

Here, Plaintiff's implied warranty claims are time-barred because the language of Ford's warranty explicitly limits the time period of the implied warranty. The warranty states, in relevant part:

> **The new vehicle limited warranty for your 2000-model vehicle**
> Your NEW VEHICLE LIMITED WARRANTY gives you specific legal rights. You may have other rights that vary from state to state. . . .
> . . . .
> You may have some implied warranties. For example, you may have:
>> an implied warranty of merchantability (that the car or light truck is reasonably fit for the general purpose for which it was sold); or
>> an implied warranty of fitness for a particular purpose (that the car or light truck is suitable for your special purposes).
>
> **These implied warranties are limited, to the extent allowed by law, to the time period covered by the written warranties, or to the applicable time period provided by state law, whichever period is shorter**.

(Doc. No. 18-1 at 2 (emphasis added).) Ford's written warranty on the safety restraint system lasted for five years or 50,000 miles. (Id. at 3.)

Ford tendered delivery of the 2000 Ford Ranger sometime in or around 2000.[8] Because the warranty language noted above limits the time period of implied warranties, any breach of implied warranty accrued at the time Ford tendered delivery of the Ranger pursuant to 13 Pa. Cons. Stat. § 2725(b). Pennsylvania's four-year statute of limitations period is shorter than the five year written warranty, so the four-year period applies under the terms of the warranty. Thus, applying the four-year statute of limitations, any claim for breach of implied warranty was extinguished sometime in or around 2004. Plaintiff's accident occurred on November 2, 2008,

---

§ 2725(b). Even then, the claim must accrue within the express warranty period. Red Rose Transit Auth., 2013 WL 180201, at *6. Here, Plaintiff has only brought a claim for breach of implied warranties — by definition, there is nothing explicit about an implied warranty. Even if the "discovery rule" applied in this case — which it does not — he discovered the alleged defect on November 2, 2008, well after the five-year express warranty ended on his 2000-model year Ranger. See infra.

[8] Neither the Complaint nor the parties' briefs have alleged the exact date the Ranger was delivered. In the absence of an exact date, the Court infers that the 2000-model vehicle was delivered at some point between 1999 and 2001.

and he initially filed the Complaint on October 29, 2010. Both dates post-date the statute of limitations period by many years. Accordingly, Plaintiff's claim for breach of the implied warranties of merchantability and fitness for a particular purpose is barred by the statute of limitations. Consequently, judgment will also be entered in favor of Ford on Count Three.

## IV.   CONCLUSION

Ford's Motion for Judgment on the Pleadings will be granted. An appropriate Order follows.